FILED
 2005 Oct-19  PM 12:16
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES S. TERRY, JR., ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| v.   ] | CIVIL ACTION NO. 05-RRA-0166-NE |
| ] | |
| WARDEN STEPHEN BULLARD, et al., ] | |
| ] | |
| Respondents. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. In his petition, the petitioner, James S. Terry, Jr., purports to attack his 1983 Madison County conviction for murder and his resulting life sentence.

Terry filed the current habeas petition in this court on January 26, 2005. In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, the petitioner filed a traverse and a letter.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitation set forth in the AEDPA is not applied fully retroactively.  *United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997).  Rather, prisoners whose convictions became final on or before April 24, 1996, must file their petitions before April 24, 1997.  *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).  *See also Simmonds,* 111 F.3d at 746 (*citing Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds* , 117 S. Ct. 2059 (1997)(time period imposed by AEDPA is short enough that the "reasonable time" after April 24, 1996,

and the one-year statutory period coalesce)); *Burns v. Morton,* 134 F.3d 109, 112 (3rd Cir. 1998); *Reyes v. Keane,* 90 F.3d 676, 679 (2d Cir. 1996).

Terry's conviction became final in 1984, prior to the enactment of the AEDPA.  Thus, he had until April 23, 1997, to file a habeas petition in this court.  He did not file this petition until January 26, 2005.  Thus, the petition is barred by the statute of limitations.

### RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, the magistrate judge recommends that the petition for a writ of habeas corpus be DISMISSED because it is barred by the statute of limitations.

Any party may file specific written objections to this report within fifteen (15) days of the date it is filed in the office of the Clerk.  Any objections filed must specifically identify the findings in the magistrate judge's recommendation to which the objections pertain.  Frivolous, conclusive, or general objections will not be considered by the District Court.  Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  A copy of the objections must be served upon all other parties to the action.

The Clerk is DIRECTED to serve a copy of this Report and Recommendation upon the petitioner and counsel for the respondents.

DONE this 19th day of October, 2005.

/s/ Robert R. Armstrong
ROBERT R. ARMSTRONG, JR.
UNITED STATES MAGISTRATE JUDGE